### CRAIG v. HAMANN, SHERIFF.

PRESUMPTION AS TO REGULARITY OF EXTRADITION PROCEEDINGS.

    Regularity of proceedings for extradition will be presumed and that the prisoner is held by virtue of a warrant of extradition, where it appears in a bill of exceptions on error to a refusal of a writ of habeas corpus, that a crime was committed in the state demanding extradition, that the accused has fled to the state upon which requisition is made, that the demand was properly made under the federal laws and that the governor was authorized to grant the warrant, although the record fails to disclose what action was taken by the governor.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**Scott Bonham,** for plaintiff in error.

**J. F. Rouse,** for defendant in error.

Craig v. Hammon.

**SWING, J.**

This case is here on error to the judgment of the court of common pleas, in which court the application of the plaintiff in error to be discharged from the custody of the sheriff, on habeas corpus, was denied. It does not affirmatively appear from the record in this case that there was error in the judgment of the court of common pleas to the prejudice of said plaintiff in error.

The requisition of the governor of the state of Indiana on the governor of Ohio was properly made under the laws of the United States, and the governor of Ohio properly granted the request of the extradition of said Craig. We find no defect in either the form or substance of the matters required under the statutes relating to extradition. Substantially a crime under the laws of Indiana was charged to have been committed by said Craig, and that he had fled from justice in said state to the state of Ohio, and upon the papers set forth in the bill of exceptions the governor of Ohio was authorized to grant a warrant of extradition, and we presume this was done, although the record of the case does not disclose what action was taken by the governor of Ohio. We presume furthermore that the said Craig was held by virtue of said warrant although the record does not show this. It is sufficient to say that it does not appear from the record that there was error in the judgment of the court of common pleas in refusing to discharge the prisoner on the evidence offered at the trial.

**Giffen** and **Smith, JJ.,** concur.